Dale M. Cendali
Joshua L. Simmons
Megan L. McKeown
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
megan.mckeown@kirkland.com

*Attorneys for Plaintiff Take-Two Interactive Software, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | Case No.  1:18-cv-7658 |
| Plaintiff, | ECF Case |
| - against - | |
| JHONNY PEREZ, | |
| Defendant. | |

## COMPLAINT

Plaintiff Take-Two Interactive Software, Inc. ("Take-Two"), by and through its attorneys, Kirkland & Ellis LLP, for its Complaint, hereby alleges against Defendant Jhonny Perez ("Perez") as follows:

## NATURE OF THE ACTION

1. This action seeks to recover damages that Take-Two has suffered and to prevent the irreparable harm that threatens Take-Two as a result of Mr. Perez's willful infringement of Take-Two's valuable intellectual property rights in and to its world-famous video games and breach of Take-Two's End User License Agreement ("User Agreement").  Specifically, Mr.

Perez acting in concert with other individuals in Europe created, distributed, and maintained a computer program called "Elusive" that alters Take-Two's *Grand Theft Auto* video games (the "Infringing Program"). The Infringing Program is a cheating and "griefing" tool that allows users to perform unauthorized actions in Take-Two's *Grand Theft Auto V* ("GTAV") multiplayer feature *Grand Theft Auto Online*. These unauthorized actions can be used to benefit the person who installed the program or to the detriment of others playing in the same multiplayer session.

2. Upon information and belief, in a deliberate attempt to profit from Take-Two's valuable intellectual property, Mr. Perez sells the Infringing Program to users who can then alter Take-Two's video games. These alterations are intended to and do allow users to cheat while playing Take-Two's games, both to (a) create benefits for themselves within the game that they have not purchased or earned, or (b) to alter the games of other players in the same gaming session without authorization. As a result, the Infringing Program disrupts the user experience that was designed by Take-Two resulting in further harm to Take-Two and its users.

3. Mr. Perez is well aware that the Infringing Program is unauthorized and infringes Take-Two's rights. In fact, Take-Two contacted Mr. Perez prior to bringing this lawsuit in an attempt to settle the parties' dispute without requiring judicial intervention. Take-Two demanded that Mr. Perez cease his willful and infringing conduct and cooperate with Take-Two to consider how and whether settlement would be possible. Mr. Perez has stopped responding to Take-Two, leading to Take-Two's understanding, upon information and belief, that Mr. Perez will continue to infringe Take-Two's rights.

4. In sum, Mr. Perez has knowingly, intentionally, and willfully infringed Take-Two's copyrights. Mr. Perez has profited by violating Take-Two's rights and User Agreement.

5. Accordingly, due to Mr. Perez's blatant and willful infringement and refusal to cooperate with Take-Two, Take-Two has no choice but to file this lawsuit seeking injunctive relief and damages that it has suffered as a result of Mr. Perez's direct and contributory copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as well as for his breach of Take-Two's User Agreement and his tortious interference with Take-Two's contracts with other GTAV players.

## PARTIES

6. Plaintiff Take-Two Interactive Software, Inc. is a Delaware corporation having its principal place of business in the State of New York and is qualified to do business and is doing business in the State of New York and in this judicial district.

7. Defendant Jhonny Perez is an individual who, upon information and belief, resides in the State of Florida.

## JURISDICTION AND VENUE

8. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and New York state law.  This court has subject matter jurisdiction over the dispute for two, independent reasons.  ***First***, this Court has federal question subject matter jurisdiction over Take-Two's copyright claim pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court also has supplemental jurisdiction over Take-Two's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to Take-Two's federal claims.  ***Second***, as Take-Two and Mr. Perez are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interests and costs, this Court also has diversity subject matter jurisdiction under 28 U.S.C. § 1332.

9. This Court has personal jurisdiction over Mr. Perez and venue is proper in this District pursuant to N.Y. C.P.L.R. § 302(a)(3), as well as 28 U.S.C. §§ 1391 and 1400.  Take-

Two is located and is being harmed in this District.  Mr. Perez reasonably should expect—and, upon information and belief, does expect—that his activities would have consequences in New York and this District.

10. Upon information and belief, Mr. Perez has derived substantial revenue from interstate or international commerce from his activities.  In particular, Mr. Perez was paid through PayPal by the two individuals in Europe Mr. Perez worked in concert with to create, distribute, and maintain the Infringing Program, as well as paid by purchasers of the Infringing Program who, upon information and belief, reside in states other than the State of Florida and/or reside in foreign nations abroad.

11. Personal jurisdiction and venue also are proper because Mr. Perez was required to affirmatively accept the terms of Take-Two's User Agreement and the Terms & Conditions of Take-Two's Terms of Service ("Terms of Service") multiple times as a pre-requisite to accessing or playing GTAV.  Both of those agreements contain a forum selection provision providing New York as the sole and exclusive venue for litigation.  Those agreements also provide that the user consents to personal jurisdiction in New York.  Thus, pursuant to those agreements, Mr. Perez consented to personal jurisdiction and venue in New York.

12. *First*, Mr. Perez was notified on the back of the GTAV box and/or in the digital purchase flow that "Software license terms [are] in game and at www.rockstargames.com; online account terms [are] at www.rockstargames.com/socialclub.  Violation of EULA, Code of Conduct, or other policies may result in restriction or termination of access to game or online account," as shown below.

**INCLUDES GRAND THEFT AUTO ONLINE**

SINGLE USE SERIAL CODE REGISTRATION VIA INTERNET REQUIRED; REGISTRATION IS LIMITED TO ONE ROCKSTAR GAMES SOCIAL CLUB ACCOUNT (13+) PER SERIAL CODE; SERIAL CODE(S) ARE NON-TRANSFERABLE ONCE USED; SOCIAL CLUB ACCOUNTS ARE NON-TRANSFERABLE. Software license terms in game and at rockstargames.com/eula; online account terms at rockstargames.com/socialclub. Violation of EULA, Code of Conduct, or other policies may result in restriction or termination of access to game or online account. †Player data transfer subject to certain limits and requirements, see rockstargames.com/gtaonline/transfer for details. For customer & technical support visit rockstargames.com/support. Non-transferable access to special features such as exclusive/unlockable/downloadable/online content, services, or functions, such as multiplayer services or bonus content, may require single-use serial code, additional fee, and/or online account registration (13+). Access to special features may require internet connection, may not be available to all users, and may, upon 30 days notice, be terminated, modified, or offered under different terms. Unauthorized copying, reverse engineering, transmission, public performance, rental, pay for play, or circumvention of copy protection is strictly prohibited.

13. ***Second***, Mr. Perez was notified of these policies and required to accept them during the software installation and account sign up process. As shown below, the first screen that users, including Mr. Perez, see during the installation process puts users on notice that they must accept the User Agreement.



14. The second screen users, including Mr. Perez, see during the installation process requires them to review and expressly accept the User Agreement.



15.     Take-Two's User Agreement contains a mandatory forum selection clause written in a standard font size and type in clear and unambiguous language.  In particular, the User Agreement includes, among other things, a paragraph that provides that the user agrees that "the sole and exclusive jurisdiction and venue for actions related to the subject matter hereof shall be the state and federal courts located in Licensor's principal corporate place of business (New York County, New York, U.S.A.).  You and licensor consent to the jurisdiction of such courts and agree that process may be served in the manner provided herein for giving of notices or otherwise as allowed by New York state or federal law."  Attached hereto as **Exhibit 1** is a true and correct copy of the User Agreement.

16.     *Third*, users, including Mr. Perez, must sign up or sign in to the Rockstar Games Social Club before they can play GTAV on personal computer.  During the sign up process, users are informed their use of the game is subject to the User Agreement and Terms of Service, which they can review by clicking links, as shown below:

- 6 -



17.     When the user, including Mr. Perez, clicks "Continue," the user sees the Privacy Policy and must affirmatively click "I Accept" to continue, as shown below:



18.     The user, including Mr. Perez, then sees the Terms of Service policy and must affirmatively click "I Accept" to continue, as shown below:



19.     Take-Two's Terms of Service contains a mandatory forum selection clause written in a standard font size and type in clear and unambiguous language.  The Terms of Service includes, among other things, a paragraph that provides that the user "agree[s] to submit to the exclusive jurisdiction of the state and federal courts sitting in the Borough of Manhattan in the City of New York in the State of New York, and waive any jurisdictional, venue, or inconvenient forum objections to such courts."  Attached hereto as **Exhibit 2** is a true and correct copy of the Terms of Service.

20.     If the user is already registered as a Rockstar Games Social Club user and has signed in to a Social Club account during installation (rather than signing up for one), the user also will be required to accept the most recent policies within the game.  That screen provides links to Take-Two's User Agreement, Privacy Policy, and Terms of Service.  The user must affirmatively click a box confirming that the user has "read and accept[s] the [User Agreement], Privacy Policy, Terms [of Service], and Code of Conduct, including the data transfer provisions"

and must then click "Submit" before proceeding further.  A screenshot of how this screen appears to the user is shown below:



21.     In addition to affirmatively accepting the terms of Take-Two's User Agreement and Terms of Service numerous times before installing and playing GTAV, the user, including Mr. Perez, also receives notice of these policies each time they start the game.  GTAV reminds the user when GTAV is loading, among other things, that his use is "subject to license in game manual and at www.rockstargames.com/eula; online account terms at www.rockstargames.com/socialclub."  A screenshot of how this screen appears to the user, including Mr. Perez, is shown below:

- 9 -



22. A second game-loading screen reminds the user that "Unauthorized copying . . . or circumvention of copy protection is strictly prohibited." A screenshot of how the second game-loading screen appears to the user, including Mr. Perez, is shown below:



**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

**I.      Take-Two and Its Award-Winning Video Games**

23.     Take-Two is the developer and publisher of best-selling video games, including the *Red Dead, Max Payne*, and *Grand Theft Auto* series.  Take-Two's games are widely recognized as some of the most popular and innovative games available on the market, and Take-Two has earned numerous awards both in the United States and abroad as a result.

24.     Take-Two has invested vast resources, including time, effort, talent, creativity, and money, to produce its video games.  Its games have large followings of fans throughout the world, making Take-Two one of the world's most popular video game publishers.

25.     Take-Two owns the copyrights for each of its video games, including GTAV.

26.     GTAV has been registered with the Copyright Office.

27.     Attached hereto as **Exhibit 3**, and incorporated herein by reference, is a true and correct copy of the Certificate of Registration issued by the Copyright Office for GTAV.  Exhibit 3 reflects the date upon which Take-Two applied for certificate of registration and, where applicable, the date on which the certificate was issued and the registration number assigned.

28.     GTAV is a video game that was the product of Take-Two's skills, resources, and creative energies.  It is of great value to Take-Two.

29.     Take-Two is, and at all times material herein was, the sole owner and proprietor of all right, title, and interest in and to the copyrights in GTAV.  The copyrights in GTAV are presently valid and subsisting and were valid and subsisting at all times affecting the matters complained of herein.

30.     To play Take-Two's video games, including GTAV, users must agree to the terms of Take-Two's User Agreement.  Among the terms provided in Take-Two's User Agreement, users are (1) "not to . . . prepare derivative works based on, or otherwise modify the Software, in

whole or in part," (2) "not to . . . restrict or inhibit any other user from using and enjoying any online features of the Software," and (3) "not to . . . cheat (including but not limited to utilizing exploits or glitches) or utilize any unauthorized robot, spider, or other program in connection with any online features of the Software," as indicated in Exhibit 1.

31. The permission that Take-Two grants users to play GTAV is expressly conditioned on these terms. As a result, if a user breaches these conditions, his use of Take-Two's GTAV video game is no longer authorized, including the reproduction of the GTAV software in the user's computer or console. In other words, continuing to play GTAV after breaching these provisions of Take-Two's User Agreement not only constitutes a breach of the User Agreement, but also copyright infringement.

**II.    Mr. Perez and the Infringing Program**

32. Mr. Perez—acting in concert with two individuals in Europe—created, distributed, and/or maintained the Infringing Program, which is a cheating and "griefing" tool for GTAV. The Infringing Program allows users to perform unauthorized actions, including without limitation affecting in-game content and abilities of themselves and other players. In other words, Mr. Perez's creation and use of the Infringing Program alters and creates derivative works based on GTAV, which are used to alter the game for the benefit of the user or to "grief" other players by altering their games without permission.

33. As a result, Mr. Perez breached Take-Two's User Agreement conditions. Moreover, he has infringed Take-Two's copyrights in two ways: first by continuing to use GTAV after breaching those conditions, and second by creating an unauthorized derivative work based on GTAV.

34. Mr. Perez knows that he did not have Take-Two's permission to create, distribute, and/or maintain such a computer program. Take-Two contacted Mr. Perez, demanding that he discontinue his participation in the Infringing Program and similar cheating tools and services.

35. Upon learning that Mr. Perez hired a lawyer, counsel for Take-Two sent a letter to Mr. Perez's lawyer demanding that Mr. Perez cease his actions and cooperate with Take-Two to consider how and whether settlement would be possible. Because Mr. Perez has stopped responding to Take-Two, Mr. Perez has not complied with Take-Two's demand.

36. Despite Take-Two's repeated efforts to resolve this dispute without court intervention, because Mr. Perez has stopped responding, upon information and belief, Mr. Perez will continue using Take-Two's content in the manner described above.

### III. The Harm to Take-Two

37. As discussed above, Take-Two produces video games for which it receives revenue from video game sales and the purchases within the game.

38. Mr. Perez's willful infringement robs Take-Two of these revenues. The Infringing Program (1) allows Mr. Perez to profit commercially without paying Take-Two anything, and (2) devalues and causes substantial harm to the value of GTAV. Thus, Take-Two has been damaged by Mr. Perez's conduct in an amount to be determined according to proof, but at a minimum, $500,000.00.

39. Moreover, upon information and belief, unless enjoined by this Court, Mr. Perez intends to continue to infringe upon Take-Two's copyrights and otherwise to profit from Take-Two's video games.

40. Accordingly, Take-Two has suffered irreparable damages. Take-Two has no adequate remedy at law to redress all of the injuries that Mr. Perez has caused and intends to

cause by his conduct.  Take-Two will continue to suffer irreparable damage until Mr. Perez's actions alleged above are enjoined by this Court.

## CLAIMS FOR RELIEF

### COUNT I
**Direct Copyright Infringement (17 U.S.C. § 101 *et seq.*)**

41. Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

42. GTAV is an original, creative work and copyrightable subject matter under the laws of the United States.

43. Take-Two is the owner of valid copyrights in GTAV, and the Register of Copyrights has issued a valid Certificate of Registration as indicated in Exhibit 3.

44. Take-Two has complied in all respects with 17 U.S.C. §§ 101, *et seq.*, and has secured the exclusive rights and privileges in and to the copyrights in its video games and content.

45. By his actions, alleged above, Mr. Perez has infringed and, upon information and belief, will continue to infringe Take-Two's copyrights in and relating to GTAV by, *inter alia*, using the Infringing Program to create derivative works using GTAV without any authorization or other permission from Take-Two, as well as continuing to use GTAV having violated the conditions on such use.

46. Mr. Perez's infringement of Take-Two's copyrights has been deliberate, willful and in utter disregard of Take-Two's rights.

47. Upon information and belief, as a direct and proximate result of its wrongful conduct, Mr. Perez has obtained benefits, including, but not limited to, payments from users to which Mr. Perez is not entitled.

48.     As a direct and proximate result of Mr. Perez's wrongful conduct, Take-Two has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Mr. Perez will cause further irreparable injury to Take-Two.

49.     Take-Two is entitled to injunctive relief enjoining Mr. Perez, and all persons acting in concert or participation with him, from engaging in any further infringement of Take-Two's copyrighted video games and content.

50.     Take-Two is further entitled to recover from Mr. Perez the damages, including attorney's fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained by Mr. Perez as a result of his acts of infringement as alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Take-Two, but is at a minimum $500,000.00 and will be established according to proof at trial.  Take-Two also is entitled to recover statutory damages for Mr. Perez's willful infringement of its copyrights.

## COUNT II
### Contributory Copyright Infringement (17 U.S.C. § 101 *et seq.*)

51.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

52.     GTAV is an original, creative work and copyrightable subject matter under the laws of the United States.

53.     Take-Two is the owner of valid copyrights in GTAV, and the Register of Copyrights has issued a valid Certificate of Registration as indicated in **Exhibit 3**.

54.     Take-Two has complied in all respects with 17 U.S.C. §§ 101, *et seq.*, and has secured the exclusive rights and privileges in and to the copyrights in its video games and content.

55.     By his actions, alleged above, Mr. Perez has provided copies, or portions thereof, of the Infringing Program to third-parties.

56.     Those third-parties, through their use of the Infringing Program, also infringe Take-Two's copyrights, *inter alia*, using the Infringing Program to create derivative works of GTAV without any authorization or other permission from Take-Two, as well as continuing to use GTAV after violating the conditions on such use.

57.     Mr. Perez had knowledge of the infringement of these third-parties and, in fact, intentionally encouraged and induced such use.  Moreover, Mr. Perez materially contributed to the direct infringement by working in concert with others to create, distribute, and/or maintain the Infringing Program necessary for the infringement to occur.

58.     Mr. Perez also had knowledge of and materially contributed to the infringements of other individuals engaged in creating, distributing, and/or maintaining the Infringing Program.

59.     Mr. Perez's contributory infringement of Take-Two's copyrights has been deliberate, willful and in utter disregard of Take-Two's rights.

60.     Upon information and belief, as a direct and proximate result of his wrongful conduct, Mr. Perez has obtained benefits, including, but not limited to, payments from users to which Mr. Perez is not entitled.

61.     As a direct and proximate result of Mr. Perez's wrongful conduct, Take-Two has been substantially and irreparably harmed in an amount not readily capable of determination.  Unless restrained by this Court, Mr. Perez will cause further irreparable injury to Take-Two.

62.     Take-Two is entitled to injunctive relief enjoining Mr. Perez, and all persons acting in concert or participation with him, from contributing to any further infringement of Take-Two's copyrighted video games and content.

63. Take-Two is further entitled to recover from Mr. Perez the damages, including attorney's fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained as a result of the acts of contributory infringement as alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Take-Two, and will be established according to proof at trial.  Take-Two also is entitled to recover statutory damages for Mr. Perez's willful contributory infringement of its copyrights.

## COUNT III
### Breach of Contract

64. Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

65. Take-Two's User Agreement is a valid and enforceable contract.  Among other things, to play Take-Two's video games, users must affirmatively agree to abide by the User Agreement.

66. Take-Two has fully performed or tendered all performance required under the User Agreement.

67. Mr. Perez has breached his obligations under the User Agreement by (1) altering GTAV and creating derivative works based on it; (2) restricting and inhibiting others from using and enjoying GTAV; and/or (3) cheating and using unauthorized programs in connection with GTAV's online features.

68. Take-Two is entitled to recover compensatory and consequential damages resulting from Mr. Perez's breach of the User Agreement.

## Count IV
### Tortious Interference with Contract

69. Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

70. As discussed above, Take-Two's users must affirmatively assent to Take-Two's User Agreement before playing GTAV. That agreement contains specific provisions that prohibit, among other things, altering GTAV and cheating.

71. Take-Two fulfilled all of its obligations pursuant to the User Agreement.

72. As a GTAV user, Mr. Perez is aware of the User Agreement and its obligations on those that play GTAV.

73. Despite agreeing to the User Agreement, Mr. Perez has induced, and upon information and belief will continue to induce, other GTAV players to breach their contractual responsibilities by using the Infringing Program for purposes expressly prohibited by the User Agreement.

74. Mr. Perez's actions in inducing these breaches of contract are intentional, illegal, and have been engaged in for the specific purpose of inducing the GTAV players using the Infringing Program to breach their agreements with Take-Two.

75. As a proximate result of Mr. Perez's tortious interference with contract, Take-Two has been damaged, and Mr. Perez has been unjustly enriched, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Take-Two respectfully requests judgment against Mr. Perez as follows:

A. Find that Mr. Perez has infringed Take-Two's copyrights in GTAV directly and contributorily;

B. Find a substantial likelihood that Mr. Perez will continue to infringe Take-Two's intellectual property unless enjoined from doing so;

C. Find that Mr. Perez has breached the User Agreement;

D.   Find that Mr. Perez has tortiously interfered with Take-Two's contracts with its other GTAV players;

E.   Issue a preliminary and permanent injunction enjoining Mr. Perez and all persons, firms and corporations acting in concert with him, from directly or indirectly infringing Take-Two's copyrights, including, but not limited to, (a) creating derivative works based upon any portion of Take-Two's video games, including GTAV; (b) producing or distributing any computer programs that alter Take-Two's games, including without limitation the Infringing Program; and (c) from participating or assisting in any such activity;

F.   Order Mr. Perez to render a full and complete accounting to Take-Two for Mr. Perez's profits, gains, advantages or the value of the business opportunities received from the foregoing acts of infringement and breach;

G.   Enter judgment for Take-Two against Mr. Perez for all damages suffered by Take-Two and for any profits or gain by Mr. Perez attributable to infringement of Take-Two's intellectual property, breach of the User Agreement, and tortious interference with contract in amounts to be determined at trial;

H.   Enter judgment for Take-Two against Mr. Perez for statutory damages based upon Mr. Perez's willful acts of infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*;

I.   Award Take-Two costs and disbursement of this action, including reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

J.   Award Take-Two pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

K.   Grant such other, further and different relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Take-Two demands a trial by jury on all issues so triable in this action.

| | |
|---|---|
| Dated: New York, New York<br>August 22, 2018 | KIRKLAND & ELLIS LLP<br><br>*/s/ Dale M. Cendali*<br>Dale M. Cendali<br>Joshua L. Simmons<br>Megan L. McKeown<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>dale.cendali@kirkland.com<br>joshua.simmons@kirkland.com<br>megan.mckeown@kirkland.com<br><br>Attorneys for Plaintiff<br>Take-Two Interactive Software, Inc. |