# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

(212) 446-4800

www.kirkland.com

Dale Cendali, P.C.
To Call Writer Directly
(212) 446-4846
dale.cendali@kirkland.com

Facsimile:
(212) 446-4900

October 16, 2018

**Via ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Take-Two Interactive Software, Inc. v. Perez*, No. 18 Civ. 7658 (PKC)

Dear Judge Castel:

We represent Plaintiff Take-Two Interactive Software, Inc. ("Take-Two") in the above-referenced litigation. We write to request guidance from the Court regarding Defendant Jhonny Perez's ("Mr. Perez") failure to answer Take-Two's Complaint and the upcoming initial conference before Your Honor scheduled for October 24, 2018 at 12:30 pm.

By way of background, Take-Two had been in contact with Mr. Perez prior to this lawsuit initially directly and then through his pre-litigation counsel. Attempts to resolve the parties' dispute were unsuccessful. As a result, Take-Two had no choice but to file this action to prevent Mr. Perez from further violating its rights. We do not know whether Mr. Perez's pre-litigation counsel is representing Mr. Perez in the litigation, as we have made multiple attempts to reach him by phone and e-mail with no response, and to date, he has not appeared in the litigation. Thus, we do not know whether Mr. Perez is represented, or whether he is representing himself.

Mr. Perez was personally served with the Complaint on September 18, 2018. Dkt. 14. Thus, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Mr. Perez's answer was due on October 9, 2018. That date came and went with no answer. Prior to Mr. Perez's answer deadline, Take-Two reached out to Mr. Perez's pre-litigation counsel on September 26, 2018 to schedule a time to hold a conference pursuant to Federal Rule 26(f). Take-Two planned to use that call to also discuss the contents of the joint letter Your Honor ordered to be filed prior to the October 24 conference. Dkt. 10. Mr. Perez's counsel did not respond to Take-Two's request to meet and confer. In light of New York Rule of Professional Conduct 4.2(a) and his lawyer's historical representation leading up to the litigation, however, Take-Two wanted to receive

Beijing    Chicago    Hong Kong    Houston    London    Los Angeles    Munich    Palo Alto    San Francisco    Shanghai    Washington, D.C.

---

*Handwritten annotation by Judge:*

The Court is not in a position to issue an advisory opinion on the application of the Rules of Professional Conduct to the facts outlined. The problem described is a very common one — uncertainty whether an individual is or is not represented by counsel. There are fairly well established conventions for resolving the problem. But, here, you claim the party is in default — has not answered. Your client's remedy is to obtain a Clerk's Certificate of Default and move for a default judgment. Frankly, there would be little time for judges to adjudicate cases and controversies if they became a "help line" for those seeking advice on their professional responsibility or how to practice law.

Conference adjourned from October 24 to Dec. 13, 2018 at 10:30am SO ORDERED

/s/ Castel, USDJ
10-17-18

## KIRKLAND & ELLIS LLP

Hon. P. Kevin Castel
October 16, 2018
Page 2

guidance from this Court on how to proceed before attempting to contact Mr. Perez directly to effectuate the October 24 conference.

      In light of Mr. Perez's failure to timely respond to the Complaint, Take-Two believes that Mr. Perez does not intend to participate in the litigation and may not attend the October 24 conference. If that is correct, Take-Two will move for entry of a default judgment. Before doing so, however, Take-Two respectfully seeks guidance on how the Court would like to proceed with the case and the October 24 conference, including whether Your Honor believes the filing of a default motion is appropriate at this time and whether Your Honor still would like to hold the October 24 conference.

      Finally, as we are also mindful of the rules against ex parte communications with the Court, out of an abundance of caution we are copying both Mr. Perez and his pre-litigation counsel, Scott Bennett.

Sincerely,

Dale Cendali, P.C.

cc: Scott Bennett (via U.S. mail, Federal Express, and e-mail)
    Defendant Jhonny Perez (via U.S. mail and Federal Express)