**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC., <br><br> Plaintiff, <br><br> - against - <br><br> JHONNY PEREZ, <br><br> Defendant. | CASE NO. 18-cv-07658 (PKC) |

**DECLARATION OF DALE M. CENDALI, ESQ. IN SUPPORT OF PLAINTIFF
TAKE-TWO INTERACTIVE SOFTWARE, INC.'S
<u>MOTION FOR DEFAULT JUDGMENT</u>**

I, Dale M. Cendali, declare as follows:

1. I am a partner at the law firm of Kirkland & Ellis LLP ("Kirkland"), counsel of record for Plaintiff Take-Two Interactive Software, Inc. ("Take-Two") in the above-captioned matter. I am licensed in the State of New York and admitted to practice before this Court.

2. I submit this declaration pursuant to Local Rule 55.2 and in accordance with Judge Castel's Default Judgment Procedure, in support of Take-Two's motion for default judgment against Defendant Jhonny Perez ("Defendant"). This declaration is based on facts known personally to me and information obtained by me.

3. Take-Two's U.S. Registration certificate for *Grand Theft Auto V* issued within five years of the work's publication. Compl. (Dkt. No. 1) Ex. 3.

**Description of the Nature of the Claim**

4. This is an action for injunctive relief and damages arising from Defendant's (a) violation of Take-Two's exclusive rights under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*, including direct and contributory copyright infringement; (b) breach of contract under the common law of the State of New York; and (c) tortious interference with contract under the common law of the State of New York arising from Defendant's creation, distribution, and maintenance of a computer program called "Elusive" that alters Take-Two's *Grand Theft Auto* video games (the "Infringing Program") in violation of Take-Two's copyrights and in breach of its End User License Agreement ("User Agreement"). Take-Two's entitlement to a judgment in its favor based on these claims is more specifically set forth in the accompanying memorandum of law and the Declaration of David Andrews, dated December 4, 2018 ("Andrews Decl.").

**Description of Subject Matter Jurisdiction**

5. This Court has federal question subject matter jurisdiction over Take-Two's copyright claim pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over Take-Two's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to Take-Two's federal claims. A similar complaint by Take-Two against a defendant in a case involving similar conduct was held to "adequately state[] a claim for copyright infringement" and as a result that the court had "jurisdiction over the subject matter of th[e] case." *Take-Two Interactive Software, Inc. v. Zipperer*, No. 18 Civ. 2608, 2018 WL 4347796, at *2 (S.D.N.Y. Aug. 16, 2018).

**Description of Personal Jurisdiction**

6. This Court has personal jurisdiction over Defendant and venue is proper in this District pursuant to N.Y. C.P.L.R. § 302(a)(3), as well as 28 U.S.C. §§ 1391 and 1400. Compl. ¶ 9. Personal jurisdiction and venue also are proper because, as alleged in Take-Two's Complaint, Defendant was required to affirmatively accept the terms of Take-Two's End User License Agreement ("User Agreement") and the Terms & Conditions of Take-Two's Terms of Service ("Terms of Service") multiple times as a pre-requisite to accessing or playing GTAV, which Defendant has admitted by his default. *Id.* ¶¶ 11–22. Both of those agreements contain a forum selection provision providing New York as the sole and exclusive venue for litigation. Those agreements also provide that the user consents to personal jurisdiction in New York. Thus, pursuant to those agreements, Defendant consented to personal jurisdiction and venue in New York. *Zipperer*, 2018 WL 4347796, at *4 (holding that the forum selection clause contained in Take-Two's User Agreement was enforceable against an out-of-state defendant and finding that "Take-Two has made an adequate showing that this court has jurisdiction over [the defendant]").

**Procedural History and Defendant's Default**

7. Take-Two filed the Complaint in this action on August 22, 2018. Compl. The Complaint alleged, among other things:

> Take-Two produces video games for which it receives revenue from video game sales and the purchases within the game. Mr. Perez's willful infringement robs Take-Two of these revenues. The Infringing Program (1) allows Mr. Perez to profit commercially without paying Take-Two anything, and (2) devalues and causes substantial harm to the value of GTAV. Thus, Take-Two has been damaged by Mr. Perez's conduct . . . at a minimum [of] $500,000.00.

*Id.* ¶¶ 37–38. A true and correct copy of the Complaint and its accompanying exhibits is attached hereto as **Exhibit A**.

8. On September 18, 2018, Defendant was served personally with a copy of the Complaint, Exhibits 1–3 thereto, and the Summons. An Affidavit of Service was signed by Ana Baltazar, and filed on September 26, 2018 at Dkt. No. 14. A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit B**.

9. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's answer was due on October 9, 2018. To date, Defendant has not answered or otherwise moved with respect to the Complaint, and the time for Defendant to do so has expired. Defendant has neither requested nor received an extension of time to respond. Defendant has not appeared in this action. Defendant has not contested Take-Two's allegation that Defendant willfully infringed or that Take-Two has been damaged at a minimum of $500,000.00.

10. On November 20, 2018, Take-Two requested an entry of default. *See* Dkts. 17–18. On November 21, 2018, the Clerk issued a Certificate of Default. *See* Dkt. 19. A true and correct copy of the Clerk's Certificate of Default is attached hereto as **Exhibit C**.

**Take-Two Requests Statutory Damages**

11. Take-Two elects to recover statutory damages against Defendant for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2). Take-Two requests the statutory

maximum of **$150,000.00**, which is consistent with awards in cases where the defendant has defaulted.  This amount also is less than the $500,000.00 in damages claimed in the Complaint.  Compl. ¶¶ 38, 50.

12. My associate, Megan McKeown, corresponded with counsel for Defendant regarding Defendant's financial documents in attempt to resolve the parties' dispute.  Defendant's pre-litigation counsel has not appeared in this litigation.  My review of this correspondence showed that Take-Two requested that Defendant provide his financial documents, including his PayPal records and other documents that would show Defendant's profits from the Infringing Program, in an effort to resolve the dispute no less than ***ten times***.

13. After filing its Complaint, Take-Two indicated that it would not serve the Complaint if Defendant provided his documents and the parties resolved their dispute.  Defendant did not respond, and to date, these records still have not been provided.  Defendant's disregard and indifference supports a finding of willfulness.  *See Broad. Music, Inc. v. The Living Room Steak House, Inc.*, No. 14 Civ. 6298, 2016 WL 756567, at *6 (E.D.N.Y. Feb. 26, 2016) (willfulness established where plaintiff showed that "it was in constant and one-sided communication with the [d]efendants" but [d]efendants "did not respond to any of [plaintiff's] correspondence"), *R&R adopted sub nom. Broad. Music, Inc. v. Living Room Steak House, Inc.*, No. 14 Civ. 06298, 2016 WL 1056609 (E.D.N.Y. Mar. 17, 2016).  A true and correct copy of the e-mail thread documenting these exchanges is attached hereto as **Exhibit D**.

**Take-Two Requests Reimbursement of Its Attorney's Fees**

14. The Copyright Act authorizes an award of reasonable attorney's fees to the prevailing party.  17 U.S.C. § 505.  Take-Two requests an award from this Court of $69,686.95 in attorney's fees incurred in connection with the prosecution of this case.  This number was

calculated based on the total amount of time spent by timekeepers who worked on this case, as described below.

15. Attached as **Exhibit E** is a compilation of Kirkland's billing statements, reflecting fees incurred in this action between August 22, 2018 (the date the Complaint was filed) and November 30, 2018 for the prosecution of this case. The descriptive narratives in the detailed time entries included in this Exhibit reflects the actual, contemporaneous narratives written by Kirkland timekeepers and entered into Kirkland's time and billing system on a regular basis.

16. The Kirkland billing statements submitted are directed to internal matter designation 23575-32. Matter 23575-32 contains billing records directed to Take-Two's enforcements against individuals who have created computer programs that alter and disrupt Take-Two's GTAV, including Defendant. These billing statements have been modified to reflect only the time entries that are associated with Defendant. Entries in the Exhibit have been thoroughly reviewed and revised as necessary due to attorney-client privilege, work product protection, and/or other applicable privileges, protections, or immunities.

17. My partner Joshua Simmons, associate Megan McKeown, and myself billed to 23575-32 for time dedicated to the prosecution of this case. My billing rate is ▮▮▮▮▮ per hour, and I spent 2.0 hours on this matter. Mr. Simmons' billing rate is ▮▮▮▮▮ per hour, and he spent 7.20 hours on this matter. Ms. McKeown's billing rate is ▮▮▮▮▮ per hour, and she spent 81.60 hours on this matter. A true and correct copy of all of our bios is attached hereto as **Exhibit F**.

18. In addition to the Kirkland attorney team, a staff of paralegals (titled as "Paralegal" or "Junior Paralegal") also billed time to this matter. Those paralegals are Erika Dillon and Karina Patel. Ms. Dillon's billing rate is ▮▮▮▮▮ per hour. She spent 5.50 hours on this matter. Ms. Patel's billing rate is ▮▮▮▮▮ per hour. She spent 7.80 hours on this matter.

6

19.     Take-Two receives discounts. After those discounts were applied, the total amount billed to Take-Two between August 22, 2018 and November 30, 2018 for the prosecution of this case was $69,686.95, as more specifically set forth in Exhibit E.

20.     Kirkland's billing rates are reasonable. As Courts in this district have held, the billing rates charged by Kirkland are in-line with prevailing market rates charged by Kirkland's peer firms for similar services. *See Regeneron Pharm., Inc. v. Merus N.V.*, No. 14 Civ. 1650, 2018 WL 3425013 (S.D.N.Y. June 25, 2018). The reasonableness of Kirkland's billing rates also is supported by the Thomson Reuters Legal Billing Report Volume 20, Number 1 (May 2018), which shows that Kirkland's rates are comparable to billing rates of New York lawyers at peer law firms. True and correct copies of excerpts from the Thomson Reuters report are attached hereto as **Exhibit G**. This also is supported by the Valeo 2018 Intellectual Property Litigation Hourly Rate Report for 2018, which shows that Kirkland's rates are comparable to billing rates of other intellectual property law firms in the AM Law 10. True and correct copies of excerpts from the Valeo report are attached hereto as **Exhibit H**.

21.     Finally, the reasonableness of Kirkland's billing rates also are supported by the numerous accolades that Kirkland's intellectual property litigation department received in the last several years. These include, for example, (1) a 2017 IP Litigation Department of the Year award from the New York Law Journal; (2) Kirkland was the only firm with tier 1 rankings in the 2018 "IP Stars" survey from *Managing Intellectual Property* in all four of the Patent Contentious, ITC, Life Sciences and Copyright categories; and (3) Kirkland's #1 ranking from Law360 out of 50 firms that were selected for outstanding domestic and international victories in litigation across all areas. Attached as **Exhibit I** is a compilation of these and other accolades.

**Miscellaneous**

22.     No part of the judgment sought has been paid by Defendant.

23. To the best of my knowledge, Defendant is not a minor, mentally incompetent, nor in the military service of the United States as appears from facts in this litigation.

24. A copy of Take-Two's motion for default judgment and all accompanying papers have been simultaneously mailed to Defendant by U.S. mail and Federal Express at his last known address.

WHEREFORE, Take-Two respectfully requests an order directing the entry of default judgment in favor of Take-Two awarding a permanent injunction, $150,000.00 in statutory damages, and $69,686.95 in attorney's fees against Defendant. A proposed order of default judgment accompanies Take-Two's motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief and that all the attached fees were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.

Dated: December 4, 2018

_____
Dale M. Cendali

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com

*Attorney for Plaintiff Take-Two Interactive Software, Inc.*