**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE INC., <br><br> Plaintiff, <br><br> v. <br><br> JHONNY PEREZ, <br><br> Defendant. | CASE NO. 1:18-cv-07658 (PKC) <br><br> ECF Case <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF TAKE-TWO INTERACTIVE SOFTWARE, INC.'S <u>MOTION FOR DEFAULT JUDGMENT</u>** |

THIS CAUSE is before the Court on Plaintiff Take-Two Interactive Software, Inc.'s ("Take-Two") Motion for Default Judgment (the "Motion") against Defendant Jhonny Perez ("Mr. Perez").  Having considered the Motion, the Court hereby finds as follows:

1.  This Court has subject matter jurisdiction over Take-Two's copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court also has supplemental jurisdiction over Take-Two's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to Take-Two's federal claims.

2.  This Court has personal jurisdiction over Mr. Perez and venue is proper in this District, because, among other things, Mr. Perez consented to personal jurisdiction and venue in this District via his agreement to the forum selection provision contained in Take-Two's User Agreement.

3.  Take-Two's Complaint states claims for direct and contributory copyright infringement in violation of 17 U.S.C. § 101 *et seq.*, breach of contract, and tortious interference with contract.

4.  Mr. Perez has failed to answer or otherwise defend against Take-Two's Complaint in this action.

- 1 -

5.      A Certificate of Default was issued on November 21, 2018.  (Dkt. No. 19).

6.      Mr. Perez is not a minor, incompetent person, or in active military service.

7.      By reason of default, Mr. Perez has admitted the truth of the allegations in Take-Two's Complaint.

8.      Take-Two has been irreparably harmed by Mr. Perez's infringing conduct and will continue to be harmed unless enjoined.  ***First***, Mr. Perez's Elusive program (the "Infringing Program") creates new features and elements in *Grand Theft Auto* which can be used to harm legitimate players, causing Take-Two to lose control over its carefully balanced plan for how its video game is designed to be played.  ***Second***, the Infringing Program harms Take-Two's reputation for maintaining its gaming environment, discouraging users from future purchases and gameplay.  ***Third***, because the Infringing Program allows its users to create unlimited virtual currency—which can then be used to purchase in-game items in Take-Two's game—it undermines Take-Two's pricing and sales of legitimate virtual currency.  These harms are not quantifiable.  Take-Two has no way of knowing how much revenue it has lost and will continue to lose as a result of Mr. Perez's Infringing Program.

9.      The balance of hardships favors Take-Two.  In contrast to the harm that Take-Two will suffer, there is no evidence of any injury to Mr. Perez.  In particular, the inability to continue infringing a copyrighted work is not a legally cognizable harm.  *See e.g.*, *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 167, 197 (S.D.N.Y. 2009). Thus, there will be no injury to Mr. Perez caused by entry of a permanent injunction requiring Mr. Perez to cease his infringing conduct.

10.      Entry of a permanent injunction against Mr. Perez is in the public interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

(a)     Under Count I of the Complaint, Mr. Perez is liable to Take-Two for willfully and directly infringing Take-Two's copyrights in GTAV.

(b)     Under Count II of the Complaint, Mr. Perez is liable to Take-Two for willfully and contributorily infringing Take-Two's copyrights in GTAV.

(c)     Under Count III of the Complaint, Mr. Perez is liable to Take-Two for breach of Take-Two's User Agreement.

(d)     Under Count IV of the Complaint, Mr. Perez is liable to Take-Two for tortious interference with Take-Two's contracts with its other GTAV players.

(e)     Mr. Perez is ordered to pay to Take-Two the sum of $150,000.00 in statutory damages, pursuant to 17 U.S.C. § 504(c)(2), and $69,686.95 in attorney's fees, pursuant to 17 U.S.C. § 505 **for which let execution issue forthwith**.

(f)     Mr. Perez and all persons, firms, and corporations acting in concert with him are permanently enjoined and restrained from directly or indirectly infringing Take-Two's copyrights, including, but not limited to, (a) creating derivative works based upon any portion of Take-Two's video games, including *Grand Theft Auto V*; (b) producing or distributing any computer programs that alter Take-Two's games, including without limitation Elusive; and (c) from participating or assisting in any such activities.

(g)     This Order shall take effect immediately.

(h)     The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Order.

(i)     The Clerk is directed to terminate the Motion and close the case.

- 3 -

**DONE AND ORDERED** this _____ day of _____, 2018.

_____
HON. P. KEVIN CASTEL
United States District Judge